IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge William J. Martínez**

Civil Action No. 16-cv-2645-WJM

KENDRA L. MOORING,

    Plaintiff,

v.

NANCY BERRYHILL, Acting Commissioner of Social Security,[1]

    Defendant.

## ORDER VACATING DECISION OF ADMINISTRATIVE LAW JUDGE

This is a Social Security benefits appeal brought under 42 U.S.C. § 405(g). Plaintiff Kendra L. Mooring ("Mooring") challenges the final decision of Defendant, the Commissioner of Social Security ("Commissioner"), denying her application for supplemental security income. The denial was affirmed by an administrative law judge ("ALJ"), who ruled that Mooring was not disabled within the meaning of the Social Security Act. This appeal followed.

For the reasons set forth below, the ALJ's decision is vacated and this case is remanded to the Commissioner for further proceedings consistent with this order.

## I. BACKGROUND

Mooring was born in 1978 and was 33 years old on the alleged onset date of September 9, 2012. (Administrative Record ("R.") (ECF No. 11) at 60.) She has an eighth-grade education. (R. at 35.) In the fifteen years preceding the alleged onset date,

---

[1] Nancy Berryhill is automatically substituted for Carolyn Colvin under Federal Rule of Civil Procedure 25(d).

she worked as a construction laborer and warehouse worker. (R. at 17.)

Mooring applied for supplemental security income on May 10, 2013, with a protective filing date of April 29, 2013. (R. at 170, 188.) She claimed that she is disabled due to neck and back injuries that she suffered in a car accident. (R. at 29, 192.) Her application was denied on October 17, 2013. (R. at 74.) She requested and received a hearing in front of an ALJ, Earl W. Shaffer. (R. at 24–38.) On May 5, 2015, the ALJ issued a written decision in accordance with the Commissioner's five-step sequential evaluation process.[2]

At step one, the ALJ found that Mooring had not engaged in substantial gainful activity since April 29, 2013. (R. at 14.)

At step two, the ALJ found that Mooring suffered from "the following severe impairments: spinal degenerative changes." (*Id.*)

At step three, the ALJ found that Mooring's impairments, while severe, did not meet or medically equal any of the "listed" impairments in the Social Security regulations. (*Id.*)

Before proceeding to step four, the ALJ assessed Mooring's residual functional capacity ("RFC"). The ALJ concluded that Mooring has the RFC

> to perform light work as defined in 20 CFR 416.967(b). The claimant can stand four hours and walk four hours, for a combined total of at least six hours, in an eight-hour workday.

---

[2] The five-step process requires the ALJ to consider whether a claimant: (1) engaged in substantial gainful activity during the alleged period of disability; (2) had a severe impairment; (3) had a condition which met or equaled the severity of a listed impairment; (4) could return to her past relevant work; and, if not, (5) could perform other work in the national economy. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *Williams v. Bowen*, 844 F.2d 748, 750–51 (10th Cir. 1988). The claimant has the burden of proof through steps one to four; the Social Security Administration has the burden of proof at step five. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

> The claimant can sit six hours in an eight-hour workday. The claimant must be able to alternate from standing or walk[ing] to sitting every 30 minutes, for as long as necessary, while remaining on the task at hand. The claimant can push and pull with upper and lower extremities at the light exertional range. The claimant cannot climb ladders, ropes or scaffolds. The claimant can occasionally climb stairs and ramps. The claimant cannot balance. The claimant can occasionally stoop, kneel, crouch and crawl. The claimant should avoid exposure to extreme cold, vibration and hazards such as unprotected heights and unprotected major manufacturing machinery. The claimant can perform work at the unskilled level.

(*Id.*) Then, at step four, the ALJ concluded that Mooring could not perform any of her past relevant work in light of this RFC. (R. at 17–18.)

At step five, the ALJ found that Mooring's RFC permitted her to work as a self-service store sales attendant, an assembler of small products, and a cashier; and that each of these jobs exists in sufficient numbers in the regional and national economy. (R. at 18.)

Accordingly, the ALJ found that Mooring was not entitled to Social Security benefits. (R. at 19.) Mooring appealed to the Socials Security Appeals Council (R. at 8), which denied review (R. at 1). Mooring then filed this action seeking review of the ALJ's May 5, 2015 decision. (ECF No. 1.)

## II. STANDARD OF REVIEW

The Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* "It requires more than a scintilla, but less than a preponderance." *Lax*, 489 F.3d at 1084. Evidence is not substantial if it is overwhelmed

by other evidence in the record. *Grogan v. Barnhart*, 399 F.3d 1257, 1261–62 (10th Cir. 2005). In reviewing the Commissioner's decision, the Court may neither reweigh the evidence nor substitute its judgment for that of the agency. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). "On the other hand, if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### III. ANALYSIS

Mooring offers two major arguments why the ALJ's decision should be vacated. The Court finds that it need only address one of those arguments, regarding the connection, or lack thereof, between the RFC and the hypotheticals propounded to the vocational expert ("VE") at Mooring's in-person hearing. (*See* ECF No. 14 at 14–16.)[3]

The ALJ first asked the VE whether there would be jobs in the regional and national economy that could accommodate, among other restrictions, no more than a light exertional level; the ability to stand and/or walk for four hours out of an eight-hour day; the ability to sit for six hours in an eight-hour day; and "[t]he ability to alternate the postures from standing and walking every 30 minutes to the seated posture for as long as necessary, either of which not to distract or pull the person away from the task at hand." (R. at 35.) The VE responded that the limitations on standing and walking, combined with an eighth-grade education, eliminated all potential jobs. (R. at 36.) The ALJ then altered the hypothetical to remove the need for alternating between standing or walking to sitting. (*Id.*) The VE still believed that the remaining restrictions would eliminate all potential jobs. (R. at 36–37.) Finally, the ALJ asked the VE if his opinion would change

---

[3] All ECF page citations are to the page number in the ECF header, which does not always match the document's internal pagination.

4

assuming that the claimant could stand and walk for four hours each, "for a total of at least six [hours] out of an eight-hour day." (R. at 37.) Given that hypothetical, the VE opined that the claimant could work as a self-service store sales attendant, a small products assembler, and a cashier. (*Id.*)

The ALJ's eventual RFC assessment included one of his original hypothetical conditions, namely, the need to alternate between standing/walking and sitting every 30 minutes, without going off-task. (R. at 14.) However, Mooring points out that this condition was *not* part of the hypothetical that elicited the VE's third opinion regarding available jobs—the opinion the ALJ adopted at step five to conclude that jobs exist which Mooring can perform. (*See* R. at 18.) Mooring claims that this is reversible error. (ECF No. 14 at 14–16.) *See also Hargis v. Sullivan*, 945 F.2d 1482, 1492 (10th Cir. 1991) ("Testimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the [Commissioner's] decision." (internal quotation marks omitted; certain alterations incorporated)).

Apart from a brief summary of the various hypotheticals, the Commissioner's entire response is as follows:

> Although not explicit, it is clear [the ALJ] did not maintain his removal of the option to alternate positions limitation [in his third hypothetical]—and this is reflected in the ultimate RFC which includes that limitation (Tr. 14 ("the claimant must be able to alternate from standing or walk to sitting every 30 minutes")). *See Bowen v. Yuckert*, 482 U.S. 137, 157 (1987) (O'Connor, J., concurring) ("To be sure the Secretary faces an administrative task of staggering proportions in applying the disability benefits provisions of the Social Security Act. Perfection in processing millions of such claims annually is impossible.").

(ECF No. 16 at 13–14.) There are two basic problems with this argument.

5

The first problem is that it is *not* clear the ALJ "did not maintain his removal of"—or in other words, re-inserted—the alternating positions restriction in his third hypothetical. More precisely, it is not clear that the VE understood it that way. The ALJ's eventual inclusion of the alternating positions restriction in the RFC suggests that *the ALJ* implicitly had this restriction in mind when propounding the third hypothetical. But the question is whether *the VE* shaped his opinion to that implicit assumption, and nothing in the record gives the Court any assurance that he did.

The second problem is that Justice O'Connor's "perfection is impossible" concurrence provides no legal standard for this Court to apply. The Court recognizes that the Commissioner faces an enormous task, and that ALJs will make innocent mistakes from time to time (just as district judges do). However, the Commissioner has not argued that the ALJ's mistake amounted to harmless error. Accordingly, the ALJ committed reversible error and his decision must be vacated.

Because the Court vacates and remands for this reason only, the Court need not address the other argument raised by Mooring. *See Madrid v. Barnhart*, 447 F.3d 788, 792 (10th Cir. 2006). The Court expresses no opinion as to Mooring's other argument and neither party should take the Court's silence as tacit approval or disapproval of that argument. The Court also does not intend by this opinion to suggest the result that should be reached on remand; rather, the Court encourages the parties and the ALJ to fully consider the evidence and all issues raised anew on remand. *See Kepler v. Chater*, 68 F.3d 387, 391–92 (10th Cir. 1995) ("We do not dictate any result [by remanding the case]. Our remand simply assures that the correct legal standards are invoked in reaching a decision based on the facts of the case." (internal quotation marks omitted)).

## IV. CONCLUSION

For the reasons set forth above, the Commissioner's decision is VACATED and this case is REMANDED to the Commissioner for rehearing. The Clerk shall enter judgment accordingly and shall terminate this case.

Dated this 29th day of November, 2017.

BY THE COURT:

William J. Martinez
United States District Judge